AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT   ☐ INFORMATION   ☒ INDICTMENT
☐ SUPERSEDING

--- OFFENSE CHARGED ---

See attached penalty sheet

☐ Petty
☐ Minor
☐ Misde-meanor
☒ Felony

PENALTY:   See attached penalty sheet

Name of District Court, and/or Judge/Magistrate Location
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

FILED
2011 AUG -9 P 3: 25
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

--- DEFENDANT - U.S ---

NORMAN WIELSCH

DISTRICT COURT NUMBER

CR 11 0529 SBA

### PROCEEDING

Name of Complaintant Agency, or Person (& Title, if any)

Federal Bureau of Investigation

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. ATTORNEY   ☐ DEFENSE
SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant
MAGISTRATE CASE NO.

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

Name and Office of Person Furnishing Information on this form   MELINDA HAAG

☒ U.S. Attorney   ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned)   John Hemann & Hartley West

### DEFENDANT

**IS NOT IN CUSTODY**
Has not been arrested, pending outcome this proceeding.
1) ☒ If not detained give date any prior summons was served on above charges

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**
4) ☐ On this charge

5) ☐ On another conviction   ☐ Federal ☐ State

6) ☐ Awaiting trial on other charges
If answer to (6) is "Yes", show name of institution

Has detainer been filed?   ☐ Yes   ☐ No
If "Yes" give date filed

DATE OF ARREST   Month/Day/Year

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED TO U.S. CUSTODY   Month/Day/Year

☐ This report amends AO 257 previously submitted

### ADDITIONAL INFORMATION OR COMMENTS

PROCESS:
☐ SUMMONS   ☐ NO PROCESS*   ☒ WARRANT   Bail Amount: no bail

If Summons, complete following:
☐ Arraignment   ☐ Initial Appearance
Defendant Address:

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time:   Before Judge:

Comments:

# PENALTY SHEET

**NORMAN WIELSCH:** Counts 1, 2, 4, 6, 10 - 12, and 14 - 17

**CHRISTOPHER BUTLER:** Counts 1 - 5, 7 - 9, and 13 - 17

| COUNT 1 | 21 U.S.C. 846 - Conspiracy to Possess with Intent to Distribute and to Distribute Methamphetamine | **PENALTY:** | Life imprisonment (10 year mandatory minimum) 5 years supervised release $10,000,000 fine |
|---|---|---|---|
| COUNT 2 | 21 U.S.C. 841(a)(1) – Possession with Intent to Distribute and Distribution of Methamphetamine | **PENALTY:** | Life imprisonment (10 year mandatory minimum) 5 years supervised release $10,000,000 fine |
| COUNT 3 | 21 U.S.C. § 841(a)(1) – Possession with Intent to Distribute Methamphetamine | **PENALTY:** | Life imprisonment (10 year mandatory minimum) 5 years supervised release $10,000,000 fine |
| COUNTS 4 - 9 | 21 U.S.C. 841(a)(1) – Possession with Intent to Distribute and Distribution of Marijuana | **PENALTY:** | 5 years imprisonment 3 years supervised release $250,000 fine |
| COUNTS 10 - 12 | U.S.C. 666(a)(1) – Theft from Programs Receiving Federal Funds | **PENALTY:** | 10 years imprisonment 3 years supervised release $250,000 fine |

| COUNT 13 | 18 U.S.C. §§ 666(a)(1) & 2 – Theft from Programs Receiving Federal Funds; Aiding and Abetting | PENALTY: | 10 years imprisonment 3 years supervised release $250,000 fine |
|---|---|---|---|
| COUNT 14 | 18 U.S.C. § 241 – Conspiracy Against Rights | PENALTY: | Life imprisonment 5 years supervised release $250,000 fine |
| COUNT 15 | 18 U.S.C. § 1951 – Extortion Under Color of Official Right | PENALTY: | 20 years imprisonment 5 years supervised release $250,000 fine |
| COUNT 16 | 18 U.S.C. § 241 – Conspiracy Against Rights | PENALTY: | 10 years imprisonment 3 years supervised release $250,000 fine |
| COUNT 17 | 18 U.S.C. § 1951 – Hobbs Act Robbery | PENALTY: | 20 years imprisonment 5 years supervised release $250,000 fine |

**SPECIAL ASSESSMENT:** $100.00 for each count

**Forfeiture Allegations:** Criminal forfeiture of money or property is subject to proof in a separate proceeding immediately following conviction at a criminal trial on counts 1-17.

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT  ☐ INFORMATION  ☒ INDICTMENT
☐ SUPERSEDING

**OFFENSE CHARGED**

See attached penalty sheet

☐ Petty
☐ Minor
☐ Misde-
    meanor
☒ Felony

PENALTY:   See attached penalty sheet

Name of District Court, and/or Judge/Magistrate Location
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

*[stamp text]* FILED AUG 9 D 3 25 RICHARD W. WIEKING CLERK, U.S. DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA

**DEFENDANT - U.S**

CHRISTOPHER BUTLER

DISTRICT COURT NUMBER

CR 11 0529 SBA

### PROCEEDING

Name of Complaintant Agency, or Person (& Title, if any)

Federal Bureau of Investigation

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40.  Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. ATTORNEY  ☐ DEFENSE

SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant

MAGISTRATE CASE NO.

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

Name and Office of Person
Furnishing Information on this form   MELINDA HAAG

☒ U.S. Attorney  ☐ Other U.S. Agency

Name of Assistant U.S.
Attorney (if assigned)   John Hemann & Hartley West

### DEFENDANT

**IS NOT IN CUSTODY**
Has not been arrested, pending outcome this proceeding.
1) ☒ If not detained give date any prior summons was served on above charges ▶

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**
4) ☐ On this charge

5) ☐ On another conviction
} ☐ Federal ☐ State

6) ☐ Awaiting trial on other charges

If answer to (6) is "Yes", show name of institution

Has detainer been filed?  ☐ Yes  ☐ No
} If "Yes" give date filed

DATE OF ARREST ▶   Month/Day/Year

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED TO U.S. CUSTODY ▶   Month/Day/Year

☐ This report amends AO 257 previously submitted

### ADDITIONAL INFORMATION OR COMMENTS

PROCESS:
☐ SUMMONS  ☐ NO PROCESS*  ☒ WARRANT

Bail Amount:  no bail

If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance

Defendant Address:

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time:                    Before Judge:

Comments:

# PENALTY SHEET

**NORMAN WIELSCH:** Counts 1, 2, 4, 6, 10 - 12, and 14 - 17

**CHRISTOPHER BUTLER:** Counts 1 - 5, 7 - 9, and 13 - 17

| | | | |
|---|---|---|---|
| **COUNT 1** | 21 U.S.C. 846 - Conspiracy to Possess with Intent to Distribute and to Distribute Methamphetamine | **PENALTY:** | Life imprisonment (10 year mandatory minimum) 5 years supervised release $10,000,000 fine |
| **COUNT 2** | 21 U.S.C. 841(a)(1) – Possession with Intent to Distribute and Distribution of Methamphetamine | **PENALTY:** | Life imprisonment (10 year mandatory minimum) 5 years supervised release $10,000,000 fine |
| **COUNT 3** | 21 U.S.C. § 841(a)(1) – Possession with Intent to Distribute Methamphetamine | **PENALTY:** | Life imprisonment (10 year mandatory minimum) 5 years supervised release $10,000,000 fine |
| **COUNTS 4 - 9** | 21 U.S.C. 841(a)(1) – Possession with Intent to Distribute and Distribution of Marijuana | **PENALTY:** | 5 years imprisonment 3 years supervised release $250,000 fine |
| **COUNTS 10 - 12** | U.S.C. 666(a)(1) – Theft from Programs Receiving Federal Funds | **PENALTY:** | 10 years imprisonment 3 years supervised release $250,000 fine |

| COUNT 13 | 18 U.S.C. §§ 666(a)(1) & 2 – Theft from Programs Receiving Federal Funds; Aiding and Abetting | **PENALTY:** | 10 years imprisonment 3 years supervised release $250,000 fine |
|---|---|---|---|
| COUNT 14 | 18 U.S.C. § 241 – Conspiracy Against Rights | **PENALTY:** | Life imprisonment 5 years supervised release $250,000 fine |
| COUNT 15 | 18 U.S.C. § 1951 – Extortion Under Color of Official Right | **PENALTY:** | 20 years imprisonment 5 years supervised release $250,000 fine |
| COUNT 16 | 18 U.S.C. § 241 – Conspiracy Against Rights | **PENALTY:** | 10 years imprisonment 3 years supervised release $250,000 fine |
| COUNT 17 | 18 U.S.C. § 1951 – Hobbs Act Robbery | **PENALTY:** | 20 years imprisonment 5 years supervised release $250,000 fine |

**SPECIAL ASSESSMENT:**     $100.00 for each count

**Forfeiture Allegations:** Criminal forfeiture of money or property is subject to proof in a separate proceeding immediately following conviction at a criminal trial on counts 1-17.

# United States District Court

## FOR THE
## NORTHERN DISTRICT OF CALIFORNIA

### VENUE: OAKLAND

---

UNITED STATES OF AMERICA,

V.

**SBA**

NORMAN WIELSCH and
CHRISTOPHER BUTLER,

**CR 11 0529**

DEFENDANT(S).

---

# INDICTMENT

21 U.S.C. § 846 – Conspiracy to Possess with Intent to Distribute and to Distribute Methamphetamine and Marijuana; 21 U.S.C. § 841(a)(1) – Possession with Intent to Distribute and Distribution of Methamphetamine; 21 U.S.C. § 841(a)(1) – Possession with Intent to Distribute and Distribution of Marijuana; 18 U.S.C. § 666(a)(1) – Theft From Programs Receiving Federal Funds; 18 U.S.C. § 241 – Conspiracy Against Rights; 18 U.S.C. § 1951 – Extortion Under Color of Official Right; 18 U.S.C. § 1951 – Hobbs Act Robbery; 18 U.S.C. § 2 – Aiding and Abetting; 21 U.S.C. § 853 – Forfeiture Allegation; 18 U.S.C. § 981(a)(1)(C) – Forfeiture Allegation; 28 U.S.C. § 2461(c) – Forfeiture Allegation

---

A true bill.

_____
Foreman

Filed in open court this ____9____ day of

AUGUST 2011

_____
Clerk

Bail, $ No bail Warrant

1   MELINDA HAAG (CABN 132612)
    United States Attorney
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10                         OAKLAND DIVISION

11                      CR 11 0529

12  UNITED STATES OF AMERICA,              )    No.
                                           )
13          Plaintiff,                     )    VIOLATIONS: 21 U.S.C. § 846 – Conspiracy
                                           )    to Possess with Intent to Distribute and to
14                                         )    Distribute Methamphetamine and Marijuana;
                                           )    21 U.S.C. § 841(a)(1) – Possession with Intent
15          v.                             )    to Distribute and Distribution of
                                           )    Methamphetamine; 21 U.S.C. § 841(a)(1) –
16                                         )    Possession with Intent to Distribute and
                                           )    Distribution of Marijuana; 18 U.S.C.
17  NORMAN WIELSCH and                     )    § 666(a)(1) – Theft From Programs Receiving
    CHRISTOPHER BUTLER,                     )    Federal Funds; 18 U.S.C. § 241 – Conspiracy
18                                         )    Against Rights; 18 U.S.C. § 1951 – Extortion
            Defendants.                    )    Under Color of Official Right; 18 U.S.C.
19                                         )    § 1951 – Hobbs Act Robbery; 18 U.S.C. § 2 –
                                           )    Aiding and Abetting; 21 U.S.C. § 853 –
20                                         )    Forfeiture Allegation; 18 U.S.C. §
                                           )    981(a)(1)(C) – Forfeiture Allegation; 28
21                                         )    U.S.C. § 2461(c) – Forfeiture Allegation
                                           )
22                                         )    OAKLAND VENUE
                                           )
23  _____   )

24                          I N D I C T M E N T

25  The Grand Jury charges:

26          At all times relevant to this Indictment:

27          1.    Defendant NORMAN WIELSCH was a resident of Antioch, California and the

28  Commander of the Contra Costa County Narcotics Enforcement Team (CNET) located in

    INDICTMENT



1  Pleasant Hill, California.

2      2.      CNET was a regional task force operated by the California Department of Justice,

3  Bureau of Narcotics Enforcement (BNE). BNE received more than $10,000 in federal funds

4  each year.

5      3.      Defendant CHRISTOPHER BUTLER was a resident of Concord, California and a

6  former Antioch Police Officer. BUTLER owned and operated a private investigation firm called

7  Butler & Associates, which was also located in Concord, California.

8

9  COUNT ONE: (21 U.S.C. § 846 – Conspiracy to Possess with Intent to Distribute and to
          Distribute Methamphetamine)

10

11     4.      Beginning on a date unknown to the Grand Jury but no later than November 2010,

12 and continuing to on or about February 16, 2011, both dates being approximate and inclusive, in

13 the Northern District of California, the defendants,

14
                        NORMAN WIELSCH and
15                      CHRISTOPHER BUTLER,

16 and others did knowingly and intentionally conspire to possess with intent to distribute and to

17 distribute (A) a Schedule II controlled substance, to wit: 50 grams or more of methamphetamine,

18 its salts, isomers, and salts of its isomers, and (B) a Schedule I controlled substance, to wit: a

19 mixture and substance containing a detectable amount of marijuana, in violation of Title 21,

20 United States Code, Sections 846, 841(b)(1)(A)(viii) and 841(b)(1)(D).

21

22 COUNT TWO: (21 U.S.C. § 841(a)(1) – Possession with Intent to Distribute and Distribution of
          Methamphetamine)

23

24     5.      On or about February 15, 2011, in the Northern District of California, the

25 defendants,

26
                        NORMAN WIELSCH and
27                      CHRISTOPHER BUTLER,

28 did knowingly and intentionally possess with intent to distribute and distribute a Schedule II

INDICTMENT                              2

1  controlled substance, to wit:  50 grams or more of methamphetamine, its salts, isomers, and salts

2  of its isomers, in violation of Title 21, United States Code, Sections 841(a)(1) and

3  841(b)(1)(A)(viii).

4

5  COUNT THREE: (21 U.S.C. § 841(a)(1) – Possession with Intent to Distribute
                      Methamphetamine)
6

7       6.     On or about February 16, 2011, in the Northern District of California, defendant

8                                   CHRISTOPHER BUTLER

9  did knowingly and intentionally possess with intent to distribute a Schedule II controlled

10 substance, to wit:  50 grams or more of a mixture and substance containing a detectable amount

11 of methamphetamine, its salts, isomers, and salts of its isomers, in violation of Title 21, United

12 States Code, Sections 841(a)(1) and 841(b)(1)(B)(viii).

13

14 COUNT FOUR: (21 U.S.C. § 841(a)(1) – Possession with Intent to Distribute and Distribution
                     of Marijuana)
15

16      7.     In or about November 2010, in the Northern District of California, the defendants,

17                                  NORMAN WIELSCH and
18                                  CHRISTOPHER BUTLER,

19 did knowingly and intentionally possess with intent to distribute and distribute a Schedule I

20 controlled substance, to wit: a mixture and substance containing a detectable amount of

21 marijuana, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(D).

22

23 COUNT FIVE:  (21 U.S.C. § 841(a)(1) – Possession with Intent to Distribute and Distribution
                     of Marijuana)
24

25      8.     On or about January 26, 2011, in the Northern District of California, defendant

26                                  CHRISTOPHER BUTLER

27 did knowingly and intentionally possess with intent to distribute and distribute a Schedule I

28 controlled substance, to wit: a mixture and substance containing a detectable amount of

INDICTMENT                                3

1   marijuana, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(D).

2

3   COUNT SIX: (21 U.S.C. § 841(a)(1) – Possession with Intent to Distribute and Distribution
            of Marijuana)

4

5       9.      On or about and between January 27, 2011, and February 1, 2011, in the Northern

6   District of California, defendant

7                           NORMAN WIELSCH

8   did knowingly and intentionally possess with intent to distribute and distribute a Schedule I

9   controlled substance, to wit: a mixture and substance containing a detectable amount of

10  marijuana, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(D).

11

12  COUNT SEVEN: (21 U.S.C. § 841(a)(1) – Possession with Intent to Distribute and
              Distribution of Marijuana)

13

14      10.     On or about February 1, 2011, in the Northern District of California, defendant

15                          CHRISTOPHER BUTLER

16  did knowingly and intentionally possess with intent to distribute and distribute a Schedule I

17  controlled substance, to wit: a mixture and substance containing a detectable amount of

18  marijuana, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(D).

19

20  COUNT EIGHT: (21 U.S.C. § 841(a)(1) – Possession with Intent to Distribute and
             Distribution of Marijuana)

21

22      11.     On or about February 2, 2011, in the Northern District of California, defendant

23                          CHRISTOPHER BUTLER

24  did knowingly and intentionally possess with intent to distribute and distribute a Schedule I

25  controlled substance, to wit: a mixture and substance containing a detectable amount of

26  marijuana, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(D).

27  ///

28  ///

INDICTMENT                          4

COUNT NINE:  (21 U.S.C. § 841(a)(1) – Possession with Intent to Distribute and
Distribution of Marijuana)

12.    On or about February 8, 2011, in the Northern District of California, defendant

CHRISTOPHER BUTLER

did knowingly and intentionally possess with intent to distribute and distribute a Schedule I

controlled substance, to wit: a mixture and substance containing a detectable amount of

marijuana, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(D).

COUNT TEN: (18 U.S.C. § 666(a)(1) – Theft from Programs Receiving Federal Funds)

13.    Paragraphs 1 through 3 of this Indictment are hereby re-alleged and

incorporated by reference as if set forth in full herein.

14.    In or about November 2010, in the Northern District of California, defendant

NORMAN WIELSCH,

being an agent of a State government agency, specifically CNET, which received more than

$10,000 of Federal funds during the one year period of January 2010 to December 2010, did

knowingly and intentionally steal, obtain by fraud, and otherwise without authority convert to the

use of a person other than the rightful owner, property, specifically marijuana that had been

seized by CNET during a law enforcement operation, which was valued at $5,000 or more, and is

owned by, and under the care, custody, and control of CNET, in violation of Title 18, United

States Code, Section 666(a)(1).

COUNT ELEVEN: (18 U.S.C. § 666(a)(1) – Theft from Programs Receiving Federal Funds)

15.    Paragraphs 1 through 3 of this Indictment are hereby re-alleged and

incorporated by reference as if set forth in full herein.

16.    On or about and between January 27, 2011, and February 1, 2011, in the Northern

District of California, defendant

NORMAN WIELSCH,

being an agent of State government agency, specifically CNET, which received more than

INDICTMENT                                            5

1 | $10,000 of Federal funds during the one year period of February 2010 to February 2011, did
2 | knowingly and intentionally steal, obtain by fraud, and otherwise without authority convert to the
3 | use of a person other than the rightful owner, property, specifically marijuana that had been
4 | seized by CNET during a law enforcement operation, which was valued at $5,000 or more, and is
5 | owned by, and under the care, custody, and control of CNET, in violation of Title 18, United
6 | States Code, Section 666(a)(1).

7

8 | COUNT TWELVE: (18 U.S.C. § 666(a)(1) – Theft from Programs Receiving Federal Funds)

9 |     17.    Paragraphs 1 through 3 of this Indictment are hereby re-alleged and
10 | incorporated by reference as if set forth in full herein.

11 |     18.    On or about February 15, 2011, in the Northern District of California, defendant
12 |                     NORMAN WIELSCH

13 | being an agent of State government agency, specifically CNET, which received more than
14 | $10,000 of Federal funds during the one year period of February 16, 2010, to February 15, 2011,
15 | did knowingly and intentionally steal, obtain by fraud, and otherwise without authority convert to
16 | the use of a person other than the rightful owner, property, specifically methamphetamine that
17 | had been seized by CNET during a law enforcement operation, which was valued at $5,000 or
18 | more, and is owned by, and under the care, custody, and control of CNET, in violation of Title
19 | 18, United States Code, Section 666(a)(1).

20

21 | COUNT THIRTEEN: (18 U.S.C. §§ 666(a)(1) & 2 – Theft from Programs Receiving Federal
22 |                               Funds; Aiding and Abetting)

23 |     19.    Paragraphs 1 through 3 of this Indictment are hereby re-alleged and
24 | incorporated by reference as if set forth in full herein.

25 |     20.    On or about February 15, 2011, in the Northern District of California, defendant
26 |                   CHRISTOPHER BUTLER

27 | did knowingly and intentionally aid, abet, counsel, command, induce, and procure an agent of
28 | State government agency, specifically Norman WIELSCH of CNET, which received more than

INDICTMENT                      6

1  $10,000 of Federal funds during the one year period of February 15, 2010, to February 15, 2011,
2  to steal, obtain by fraud, and otherwise without authority convert to the use of a person other than
3  the rightful owner, property, specifically methamphetamine that had been seized by CNET during
4  a law enforcement operation, which was valued at $5,000 or more, and was owned by, and under
5  the care, custody, and control of such organization, government, and agency, in violation of Title
6  18, United States Code, Sections 666(a)(1) and 2.

7

8  COUNT FOURTEEN: (18 U.S.C. § 241 – Conspiracy Against Rights)

9      21.    Paragraphs 1 through 3 of this Indictment are hereby re-alleged and
10 incorporated by reference as if set forth in full herein.

11     22.    Beginning in or about January 2009 and continuing to on or about February 6,
12 2009, in the Northern District of California, the defendants,

13
                        NORMAN WIELSCH and
14                      CHRISTOPHER BUTLER,

15 and others known and unknown, did knowingly and intentionally conspire to injure, oppress,
16 threaten, and intimidate a person in the State of California, specifically an individual with the
17 initials F.S., in the free exercise and enjoyment of a right and privilege secured to F.S. by the
18 Constitution and laws of the United States, that is the right against unreasonable searches and
19 seizures and the right against deprivation of liberty and property without due process of law.

20     23.    As a part of this conspiracy, BUTLER was hired by F.S.'s mother to engage in a
21 "sting" operation in an attempt to deter F.S. from selling illegal drugs. BUTLER enlisted
22 WIELSCH and others to participate in a staged arrest of F.S. during a drug transaction in
23 CNET's parking lot. BUTLER and WIELSCH agreed that WIELSCH would wear his loaded
24 firearm and drive a vehicle to the arrest scene where both would participate in the arrest and
25 search of F.S.'s car and home.

26     24.    As a further part of this conspiracy, on or about February 6, 2009, F.S. was
27 handcuffed, placed in the back of a car, interrogated, and his pockets, car, and bedroom searched.
28 BUTLER and WIELSCH took and maintained illegal drugs that were seized during these

INDICTMENT                          7

1  searches.

2  　　All in violation of Title 18, United States Code, Section 241.

3

4  COUNT FIFTEEN: (18 U.S.C. § 1951 – Extortion Under Color of Official Right)

5  　　25.　Paragraphs 1 through 3 of this Indictment are hereby re-alleged and

6  incorporated by reference as if set forth in full herein.

7  　　26.　Beginning in or about November 2009 and continuing to in or about April 2010,

8  in the Northern District of California, the defendants,

9

10  　　　　　CHRISTOPHER BUTLER and
　　　　　NORMAN WIELSCH,

11  did knowingly and intentionally affect and conspire to affect commerce by extortion, that is, by

12  obtaining property not due to them or to CNET, to wit periodic cash payments, from persons

13  operating an illicit massage parlor, with the persons' consent, in exchange for shielding the

14  massage parlor employees from law enforcement action, under color of official right.

15  Specifically, BUTLER, WIELSCH, and others agreed to establish an illicit massage parlor in

16  Pleasant Hill, California, which WIELSCH and BUTLER agreed to protect using WIELSCH's

17  law enforcement status.  In exchange for this protection, the women working at the massage

18  parlor made weekly payments to BUTLER, which BUTLER shared with WIELSCH.

19  　　All in violation of Title 18, United States Code, Section 1951.

20

21  COUNT SIXTEEN: (18 U.S.C. § 241 – Conspiracy Against Rights)

22  　　28.　Paragraphs 1 through 3 of this Indictment are hereby re-alleged and

23  incorporated by reference as if set forth in full herein.

24  　　29.　Beginning on a date unknown to the grand jury and continuing to in or about

25  August 2010, in the Northern District of California, the defendants,

26

27  　　　　　NORMAN WIELSCH and
　　　　　CHRISTOPHER BUTLER,

28  and others known and unknown, did knowingly and intentionally conspire to injure, oppress,

INDICTMENT　　　　　　　　　　8

1 | threaten, and intimidate persons in the State of California in the free exercise and enjoyment of a
2 | right and privilege secured to them by the Constitution and laws of the United States, that is the
3 | right against unreasonable searches and seizures and the right against deprivation of property
4 | without due process of law.

5 |     30.    As part of this conspiracy, WIELSCH and BUTLER identified individuals they
6 | believed to be prostitutes through online advertisements and arranged meetings with them,
7 | typically in hotels, where they staged what purported to be legitimate sting operations in order to
8 | unlawfully take the prostitutes' money and property for themselves.

9 |     31.    As a further part of this conspiracy, in or about July and August 2010, WIELSCH
10 | and BUTLER arranged to meet prostitutes at the Homestead Suites hotel in San Ramon,
11 | California. At the meeting, WIELSCH and BUTLER both showed law enforcement badges and
12 | WIELSCH brandished his firearm. WIELSCH and BUTLER took money and cellular
13 | telephones from the prostitutes, but WIELSCH did not issue a citation or provide property
14 | receipts.

15 |     All in violation of Title 18, United States Code, Section 241.

16 |

17 | COUNT SEVENTEEN: (18 U.S.C. § 1951 – Hobbs Act Robbery)

18 |     32.    Paragraphs 1 through 3 of this Indictment are hereby re-alleged and
19 | incorporated by reference as if set forth in full herein.

20 |     33.    Beginning on a date unknown to the grand jury and continuing to in or about
21 | August 2010, in the Northern District of California, the defendants,

22 |
23 |               NORMAN WIELSCH and
              CHRISTOPHER BUTLER,

24 | did knowingly and intentionally affect and conspire to affect commerce by robbery, that is, by
25 | unlawfully taking and obtaining personal property from the person and in the presence of
26 | another, specifically J.H. and S.P., against that person's will, by means of actual and threatened
27 | force, and violence, and fear of injury, immediate and future, to the person and property, in
28 | violation of Title 18, United States Code, Section 1951.

INDICTMENT               9

1   FORFEITURE ALLEGATION ONE: (21 U.S.C. § 853 – Drug Forfeiture)

2      34.    The factual allegations contained in Counts One through Nine of this Indictment

3 are realleged and by this reference fully incorporated herein for the purpose of alleging forfeiture

4 pursuant to the provisions of 21 U.S.C. § 853(a)(1) and 853(a)(2).

5      35.    Upon a conviction of any of the offenses alleged in Counts One through Nine, the

6 defendants,

7

8 NORMAN WIELSCH and<br>CHRISTOPHER BUTLER,

9 shall forfeit to the United States all right, title, and interest in property constituting and derived

10 from any proceeds defendants obtained, directly or indirectly, as a result of said violations, and

11 any property used or intended to be used, in any manner or part, to commit or to facilitate the

12 commission of the said violations.

13      36.    If, as a result of any act or omission of defendants, any of said property

14          a.    cannot be located upon the exercise of due diligence;

15          b.    has been transferred or sold to or deposited with a third person;

16          c.    has been placed beyond the jurisdiction of the Court;

17          d.    has been substantially diminished in value; or

18          e.    has been commingled with other property that cannot be divided without

19             difficulty;

20 any and all interest defendants have in any other property (not to exceed the value of the above

21 forfeitable property) shall be vested in the United States and forfeited to the United States,

22 pursuant to Title 21, United States Code, Section 853(a)(1), (a)(2), and (p) and Federal Rule of

23 Criminal Procedure 32.2.

24   / / /

25   / / /

26   / / /

27   / / /

28   / / /

INDICTMENT            10

FORFEITURE ALLEGATION TWO:   (18 U.S.C. § 981(a)(1)(C); 28 U.S.C. § 2461(c))

37.   The factual allegations contained in Counts Ten through Thirteen and Count Seventeen of this Indictment are realleged and by this reference fully incorporated herein for the purpose of alleging forfeiture pursuant to the provisions of 18 U.S.C. § 981(a)(1)(c) and 28 U.S.C. § 2461(c).

38.   Upon a conviction of the offenses alleged in Counts Ten through Thirteen, Fifteen, and Seventeen, the defendants,

NORMAN WIELSCH and
CHRISTOPHER BUTLER,

shall forfeit to the United States, all property (real and personal) which constitutes proceeds and is derived from proceeds traceable to said offense(s), pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

39.   If, as a result of any act or omission of the defendant, any of said property

    a.   cannot be located upon the exercise of due diligence;

    b.   has been transferred or sold to or deposited with, a third person;

    a.   has been placed beyond the jurisdiction of the Court;

    b.   has been substantially diminished in value; or

    c.   has been commingled with other property which, without difficulty cannot be subdivided;

any and all interest defendants have in any other property (not to exceed the value of the above forfeitable property) shall be forfeited to the United States, pursuant to Title 18, United States

///
///
///
///
///
///
///

INDICTMENT                              11

1  Code, Section 981(a)(1)(C), Title 21, United States Code, Section 853(p) (as incorporated by

2  Title 28, United States Code, Section 2461(c)), and Rule 32.2 of the Federal Rules of Criminal

3  Procedure.

4

5  DATED: August _9_, 2011                    A TRUE BILL.

6

7                                             FOREPERSON

8

9  MELINDA HAAG
10 United States Attorney

11

12

13 MIRANDA KANE
   Chief, Criminal Division

14

15 (Approved as to form: _____ )
                         AUSAs WEST/HEMANN
16

17

18

19

20

21

22

23

24

25

26

27

28

INDICTMENT                          12