UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>    v.<br><br>NORMAN WIELSCH,<br><br>        Defendant. | Case No.: 11-00529-SBA-1 (KAW)<br><br>AMENDED REPORT AND RECOMMENDATION REGARDING GUILTY PLEA |

Magistrate Judge Kandis A. Westmore recommends that the district judge accept Defendant Norman Wielsch's guilty plea entered in open court on December 5, 2012. Specifically, the defendant pleaded guilty pursuant to a written plea agreement to Counts One, Twelve, Fourteen, Sixteen, and Seventeen of the captioned indictment. Count One charged Defendant with conspiracy to possess with intent to distribute and to distribute a Schedule I controlled substance (marijuana) and a Schedule II controlled substance (50 grams or more of methamphetamine), in violation of 21 U.S.C. §§ 846, 841(b)(1)(A)(viii), and 841(b)(1)(D). Count Twelve charged Defendant with theft from programs receiving federal funds, in violation of 18 U.S.C. § 666(a)(1). Counts Fourteen and Sixteen charged Defendant with conspiracy against rights, in violation of 18 U.S.C. § 241. Count Seventeen charged Defendant with Hobbs Act robbery, in violation of 18 U.S.C. § 1951. The magistrate judge makes the following findings:

    1. On the hearing date set forth above, with the assistance of counsel, the defendant waived his right to enter his guilty plea before a district judge and instead consented to enter his plea in a hearing in magistrate court. Specifically, the magistrate judge advised him that he had a

1

right to plead guilty in district court, and that he could waive that right and consent to enter his

plea in a plea hearing in magistrate court.  The magistrate judge also advised him that she would

issue a written report recommending that the district judge accept the guilty plea, that the district

judge would review that recommendation and determine whether to accept the guilty plea, and

that the district judge and not the magistrate judge would sentence him.  The magistrate judge also

advised him of the procedures (also set forth at the end of this recommendation) for challenging

the magistrate judge's recommendation.  The defendant then waived his right to proceed in district

court in open court and in writing and consented to the magistrate judge's conducting the plea

hearing.

2.  The magistrate judge conducted a full plea hearing in the manner set forth in Federal

Rule of Criminal Procedure 11.  In particular, the magistrate judge reviewed, and the defendant

acknowledged that he understood, the following: (a) the nature of each charge and the maximum

penalties, as set forth in Fed. R. Crim. P. 11(b)(1) (G)-(L); (b) the effect of the advisory

Sentencing Guidelines and 18 U.S.C. § 3553(a), *see* Fed. R. Crim. P. 11(b)(1)(M); and (c) the

rights he was waiving by pleading guilty, *see* Fed. R. Crim. P. 11(b)(1) (A)-(F).  The court

reviewed the specific provisions of the plea agreement regarding waiving the right to appeal or

collaterally attack the sentence.  *See* Fed. R. Crim. P. 11(b)(1)(N).  The magistrate judge also

determined that there was a factual basis for the guilty plea.   *See* Fed. R. Crim. P. 11(b)(3).

3.  The plea agreement itself was disclosed in open court, *see* Fed. R. Crim. P. 11(c)(2),

and the magistrate judge advised the defendant as follows:

A.  The plea agreement was made pursuant to Rule 11(c)(1)(A). This means that if you plead guilty, the attorney for the government will not bring, or will move to dismiss, other charges, the district judge may accept the agreement, reject the agreement, or defer a decision until the district judge has reviewed the presentence report.  To the extent that the district judge accepts the agreement, the agreed disposition will be reflected in the judgment.  If the district judge rejects the provisions of the type specified in Rule 11(c)(1)(A), the judge will give you an opportunity to withdraw the plea.  If the district judge rejects the plea agreement and you do not withdraw your plea, then the court may impose a more severe sentence without being bound by the plea agreement.

B.  The plea agreement was also made pursuant to Rule 11(c)(1)(B), this means that the Government agrees not to oppose your request that a particular sentence or

United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

sentencing range is appropriate or that a particular provision of the sentencing guidelines does or does not apply. In your plea agreement, the Government agrees to recommend the guideline calculations set forth, unless you violate the terms of the agreement or fail to accept responsibility.  The terms of the plea agreement are merely sentencing recommendations to the court, and the district judge may reject the recommendations without permitting you to withdraw your plea of guilty, and may impose a sentence that is more severe without being bound by the plea agreement.

*See also* Fed. R. Crim. P. 11 (c)(3)-(5).

4.  The magistrate judge also addressed the defendant personally in open court, and determined that the plea was voluntary and did not result from force, threats, or promises (other than the promises in the plea agreement).   *See* Fed. R. Crim. P. 11(b)(2).

5.   After the advisements set forth in Rule 11, and summarized here, the defendant pleaded guilty.  The magistrate judge found that he was fully competent and capable of entering an informed plea, that he was aware of the nature of the charges and the consequences of the guilty plea, and that the guilty plea was knowing and voluntary and supported by an independent factual basis.  This court thus recommends to the district judge that it accept the defendant's guilty plea.

6.  Normally, any party may serve and file specific written objections within fourteen days after being served with a copy of this order.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59. Failure to file objections within the specified time may waive a party's right to review.  *See* Fed. R. Crim. P. 59(b).  Given that the sentencing in this matter is currently set for May 20, 2013 at 1:00 p.m., the parties may object to this report and recommendation before the hearing, or request a continuance of the sentencing hearing from the district judge.

IT IS SO RECOMMENDED.

Dated: May 16, 2013

KANDIS A. WESTMORE
United States Magistrate Judge